UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMIL AMIN BEY | 1:20-cv-15702-NLH-AMD |
| Plaintiff, | **OPINION** |
| v. | |
| CAMDEN COUNTY SUPERIOR COURT and HON. YOLANDA C. RODRIGUEZ | |
| Defendants. | |

**APPEARANCES:**

JAMIL AMIN BEY
719B COUNTRY CLUB PKWY
MOUNT LAUREL, NJ 08054

    Plaintiff appearing *pro se*

**HILLMAN, District Judge**

    Plaintiff Jamil Amin Bey, appearing *pro se*, filed a complaint alleging violations of his federal constitutional rights, among other claims, without submitting the required filing fee or filing applications to proceed in forma pauperis ("IFP").

    Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance.  The entire fee to be paid in advance of filing a civil complaint is $400.  Under Title 28, section 1915 of the United States Code, however, a court may

allow a litigant to proceed without prepayment of fees if he submits a proper IFP application.  28 U.S.C. § 1915(a)(1).

Because Plaintiff has failed to pay the filing fee or submit an IFP application,[1] the Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.[2]  Plaintiff will be granted leave to apply to re-open within 45 days by either paying the filing fee or submitting the proper IFP application.

An appropriate Order follows.


Date: November 10 2020              /s Noel. L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

---

[1] In his filing, Plaintiff does state that he "does not have, or possess, any gold or silver coins."  However, § 1915(a)(1) requires a Plaintiff seeking to proceed in forma pauperis to submit "an affidavit that includes a statement of *all assets* such prisoner possesses." Id. (emphasis added).

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).