UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMIL AMIN BEY

        Plaintiff,

v.

CAMDEN COUNTY SUPERIOR COURT
and HON. YOLANDA C. RODRIGUEZ

        Defendants.

1:20-cv-15702-NLH-AMD

**OPINION**

**APPEARANCES:**

JAMIL AMIN BEY
719B COUNTRY CLUB PKWY
MOUNT LAUREL, NJ 08054

    Plaintiff appearing *pro se*

**HILLMAN, District Judge**

    Plaintiff Jamil Amin Bey, appearing *pro se*, filed a complaint alleging violations of his federal constitutional rights, among other claims, without submitting the required filing fee or filing an application to proceed in forma pauperis ("IFP").

    Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. The entire fee to be paid in advance of filing a civil complaint is $400. Under Title 28, section 1915 of the United States Code, however, a court may

allow a litigant to proceed without prepayment of fees if he submits a proper IFP application. 28 U.S.C. § 1915(a)(1).

Because Plaintiff had failed to pay the filing fee or submit an IFP application, the Clerk of the Court was ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee. (ECF No. 4). Plaintiff was further granted leave to apply to re-open within 45 days by either paying the filing fee or submitting the proper IFP application.

On November 18, 2020, Plaintiff submitted an IFP application on the correct form. (ECF No. 5). However, Plaintiff's application remains deficient. Plaintiff responded "$0.00" to every question on the form regarding his income, assets, and monthly expenses, and in response to Question 11, which states "Provide any other information that will help explain why you cannot pay the costs of these proceedings," Plaintiff simply stated "Please see Attached Affidavit of Financial Statement."

However, the attached "Affidavit of Financial Statement" provides no additional information regarding Plaintiff's finances or ability to pay the costs of this proceeding; instead, it states only that Plaintiff "does not have, or possess, any gold or silver coins" and then claims that "Your demand for a 'Financial Statements' is used as an instrument to

deny me due process of law and right to free access to the courts." (ECF No. 5). The "Affidavit" in fact appears to be a boilerplate form identical to ones previously rejected by courts in this district, which found that the form, and its claims regarding "gold or silver coins" and the constitutionality of the requirement to submit financial information, does not "have anything in common with the governing legal regime and the requirements set forth by the applicable statute." El Ameen Bey v. Stumpf, 825 F. Supp. 2d 537, 547-50 (D.N.J. 2011). The "Boilerplate 'averment' that Plaintiff[] possess[es] no 'gold or silver coins' changes nothing for the purposes of this Court's analysis, since such fact, even if true, does not indicate that Plaintiff[] do[es] not have assets within the meaning of Section 1915(a))." Id. at 551.

The Court finds that without further explanation as to Plaintiff's assets and monthly expenses, it does not have sufficient information to properly assess Plaintiff's ability to pay the costs associated with this proceeding. Accordingly, Plaintiff's IFP application is deficient, and will be denied without prejudice. Plaintiff will be permitted to file another, proper and complete IFP application within twenty (20) days.

An appropriate Order follows.

Date: November 20, 2020              /s Noel. L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.